Stephen L. Baker
Neil B. Friedman
BAKER AND RANNELLS, PA
626 North Thompson Street
Raritan, New Jersey 08869
s.baker@br-tmlaw.com
n.friedman@br-tmlaw.com
Tel: (908) 722-5640
Attorneys for Plaintiff Nautica Apparel, Inc.

| | |
|---|---|
| NAUTICA APPAREL, INC., | : **UNITED STATES DISTRICT COURT**<br>: **DISTRICT OF NEW JERSEY**<br>: |
| Plaintiff, | : **Civil Action No.** _____<br>: |
| v. | : Hon.<br>: United States District Judge |
| QUOIZEL, INC. and CAPITOL LIGHTING EXECUTIVE MANAGEMENT CORPORATION d/b/a WWW.1800LIGHTING.COM, | :<br>: **COMPLAINT FOR**<br>: **AND DEMAND FOR JURY TRIAL**<br>: |
| Defendants. | : |

Plaintiff Nautica Apparel, Inc. ("Nautica"), by its attorneys Baker and Rannells, PA, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## THE PARTIES

1. Nautica is a Delaware corporation with its principal place business at 40 West 57th Street, New York, NY 10019. Nautica is the owner of certain trademarks at issue in this action.

2. Quoizel, Inc. ("Quoizel") is a corporation duly organized and existing under the laws of the State of New York and maintains its principal place of business at 590 Old Willets Path, Hauppauge, New York 11788. Quoizel conducts business activities, including those activities complained of herein, within this judicial district.

1

3. Capitol Lighting Executive Management Corporation d/b/a www.1800lighting.com ("Capitol") is a corporation duly organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 365 Route 10 E at River Road, East Hanover, New Jersey 07936. Capitol conducts business activities, including those activities complained of herein, within this judicial district (hereinafter Quoizel and Capitol are collectively referred to as the "Defendants").

4. Defendants (a) are doing business in the State of New Jersey; (b) have transacted business within the State of New Jersey and this judicial district; and (c) have committed tortious acts within the State of New Jersey by making infringing use of the Nautica trademarks in connection with their offer for sale and sale of goods within the State of New Jersey and this judicial district.

## NATURE OF THE ACTION

5. This is an action for trademark infringement, false designation of origin, false advertising, dilution and unfair competition in violation of the laws of the United States and the State of New Jersey. Nautica seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Nautica's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and related claims under the statutory and common law of the State of New Jersey.

7. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## NAUTICA'S FAMOUS TRADEMARKS

8. Nautica, itself and through its licensees, is engaged in the manufacture,

distribution and sale in interstate commerce of high quality merchandise, including men's, women's, and children's apparel, accessories, and home goods, including, but not limited to, furniture and lighting products.

9. Since 1983, Nautica merchandise has been widely advertised, offered for sale and sold throughout the United States under various trademarks, including the NAUTICA mark, and the SPINNAKER DESIGN (collectively, the "Nautica Trademarks"). The Nautica Trademarks have at all times been owned exclusively by Nautica.

10. Due to Nautica's exclusive and extensive use of the Nautica Trademarks, these marks have acquired enormous value and recognition in the United States and throughout the world. The Nautica Trademarks are well known to the consuming public and trade as identifying and distinguishing Nautica exclusively and uniquely as the source of origin of the high quality products to which the Nautica Trademarks are applied. The Nautica Trademarks are both distinctive and famous.

11. The Nautica Trademarks are the subject of the following registrations on the Principal Register of the United States Patent and Trademark Office:

    a.    Reg. No. 2,304,411, of the mark NAUTICA for lamps in Class 24 (registered on December 28, 1999);

    b.    Reg. No. 2,246,317 of the mark NAUTICA for outdoor furniture; living room furniture; bedroom furniture; furniture, namely wall units; furniture tables; bookcases; and picture frames, in Class 20 (registered on May 18, 1999);

    c.    Reg. No. 2,242,969 of the mark NAUTICA for rugs, wall paper and vinyl wall covering, in Class 27 (registered on May 4, 1999);

d. Reg. No. 2,865,300, of the mark NAUTICA for duvets, duvet covers, pillow cases and pillow protectors, in Class 24 (registered on July 20, 2004);

e. Reg. No. 2,731,466 of the mark NAUTICA for mattress pads and bed vests, in Class 24 (registered on July 1, 2003);

f. Reg. No. 2,491,501 of the mark NAUTICA SIGNATURE TABLEWARES for forks, table knives and spoons, in Class 8 (registered on September 18, 2001) and for napkin holders, napkin rings not of precious metal, serving platters, serving spoons, decanters, glasses, dishes, stirrers, shakers and bowls, in Class 21 (registered on September 18, 2001);

g. Reg. No. 2,476,203 of the mark NAUTICA BERMUDA TABLEWARES for forks, table knives and spoons, in Class 8 (registered on August 7, 2001) and for napkin holders, napkin rings not of precious metal, serving platters, serving spoons, decanters, glasses, dishes, stirrers, shakers and bowls, in Class 21 (registered on August 7, 2001);

h. Reg. No. 2,292,976 of the mark NAUTICA for tableware, namely forks, knives and spoons, in Class 8 (registered on November 16, 1999);

i. Reg. No. 2,247,914 of the mark NAUTICA for table liners, table mats not of paper, place mats not of paper, table napkins not of paper, pot holders, oven mitts, table cloths not of paper, kitchen towels, upholstery fabrics, and textile wall hangings, in Class 24 (registered on May 25, 1999);

j. Reg. No. 2,306,324 of the mark NAUTICA for glass and plastic beverageware; dinnerware; coasters (not of paper of linen); paper plates; paper

4

          cups; candlesticks not of precious metal, in Class 21 (registered on January 4, 2000);

k.    Reg. No. 1,464,663 of the mark NAUTICA for hosiery, shoes, undershirts, undershorts, shirts, blouses, trousers, jackets, pants, coats, suits, bathing suits, bathrobes, slippers and shorts, in Class 25 (registered on November 10, 1987);

l.    Reg. No. 2,730,499 of the SPINNAKER DESIGN for mattress pads, bed vests, duvets, duvet covers, pillow cases, and pillow protectors in Class 24 (registered on June 24, 2003);

m.    Reg. No. 2,730,498 of the SPINNAKER DESIGN for bed pillows and pillows in Class 20 (registered on June 24, 2003); and

n.    Reg. No. 2,769,609 of the SPINNAKER DESIGN for bedspreads, bed blankets; bed sheets; pillow cases; comforters; flannel; curtains; table linens; table cloths not of paper; table mats not of paper; textile placemats; pot holders; oven mitts; kitchen towels; bath linen; towels; bath accessories, namely washing mitts, washcloths, fabric bath mats; upholstery fabrics and textile wall hangings (registered on September 30, 2003). True copies of the certificates of registration and/or printouts from the United States Patent and Trademark Office website of the foregoing registrations are attached as Exhibit A.

12. The foregoing registrations are valid and subsisting and are in full force and effect. Pursuant to 15 U.S.C. § 1065, Registration Nos. 2,246,317, 2,242,969, 2,292,976, 2,247,914, 2,306,324 and 1,464,663 have become incontestable.

## DEFENDANTS' WRONGFUL ACTIVITIES

13. Without the approval of Nautica and after the Nautica Trademarks had become famous, Quoizel manufactured, distributed, offered for sale, and/or sold light fixtures and clocks to retailers, including Capitol, which were intended for resale to consumers in interstate commerce. Such light fixtures and clocks were featured using the Nautica Trademarks within Quoizel's sales catalogs and upon Quoizel's website, www.quoizel.com. Quoizel also distributed its light fixtures and clocks to retailers, including Capitol, with marketing materials for use within retail showrooms and upon retailer websites bearing the Nautica Trademarks (the "Offending Marketing Materials"). Affixed to all such light fixtures and clocks produced and sold by Quoizel were hangtags containing the Nautica Trademarks (hereinafter the "Offending Products"). Photographs of examples of the Offending Products and examples of the Offending Marketing Materials are attached as Exhibit B.

14. At the suggestion of Quoizel, Capitol and Quoizel's other retailers offered for sale and sold to consumers the Offending Products utilizing the Offending Marketing Materials, so as to suggest to consumers that the lighting fixtures and clocks produced by Quoizel emanate from Nautica. Such Offending Products are directed and targeted towards the same group of ultimate consumers as are Nautica's goods.

15. Without the approval of Nautica and after the Nautica Trademarks had become famous, Capitol distributed, offered for sale and/or sold the Offending Products which were produced and sold by Quoizel. Such Offending Products were offered for sale and sold by Capitol at its retail locations and/or upon its website www.1800lighting.com in the manner intended by Quoizel, namely, by utilizing the Offending Marketing Materials containing the

Nautica Trademarks.

16. On August 17, 2005, Nautica caused a cease and desist letter to be delivered to Quoizel demanding that among other things, Quoizel cease and desist from its unauthorized use of the Nautica Trademarks. A copy of the August 17, 2005 cease and desist letter is attached as Exhibit C.

17. Quoizel rebuffed Nautica's attempts to resolve the matter amicably.

18. After gaining for itself and its retailers substantial exposure and significant sales of the Offending Products by using the Nautica Trademarks without authorization, Quoizel independently, and without Nautica's authorization, elected to modify the NAUTICA designation within some of its Offending Marketing Materials to NAUTICAL. Such modification was made by Quoizel even though the light fixtures and clocks being offered for sale by Quoizel fail to have any nautical, marine or sailing theme.

19. Quoizel's selection of the new designation, NAUTICAL, was calculated to obtain for itself and its retailers continued exposure to consumers based upon its previous unauthorized use of the Nautica Trademarks. Indeed, consumers who visit Quoizel's website in search of "Nautica" products are directed to the Quoizel web pages that depict the same products (with the same Item # or SKU#) previously offered under the NAUTICA designation with the NAUTICAL designation at the top of the web page.

20. Quoizel's website continues to misdirect consumers to its newly designated NAUTICAL products by using metatags and/or other computer codes that contain the Nautica Trademarks and by providing product specification information pages for Quoizel's products that contain the Nautica Trademarks. Copies of the source code information pages from Quoizel's website and product specification pages evidencing Quoizel's use of the Nautica

Trademarks is attached as Exhibit D.

21. Quoizel has never informed its retailers, including Capitol, of its decision to alter the Offending Marketing Materials from NAUTICA to NAUTICAL.

22. Quoizel's retailers, including Capitol, continue to distribute, offer for sale and/or sell the Offending Products which had been produced and sold by Quoizel in the manner intended by Quoizel, namely, by utilizing the Offending Marketing Materials containing the Nautica Trademarks. Copies of web pages from Quoizel's retailer websites and from Capitol's website are attached as Exhibit E.

23. The acts of Defendants in distributing, offering for sale and/or selling in interstate commerce lighting fixtures and clocks using the Nautica Trademarks or marks confusingly similar thereto (a) are likely to cause confusion and mistake among the consuming public that all such goods originate with Nautica, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Nautica, (c) are likely to cause confusion and mistake among the consuming public that Defendants' goods are being offered to the consuming public with the sponsorship or approval of Nautica, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the Nautica Trademarks.

24. The aforementioned acts of Defendants are willful and intentional, in that Defendants either knew that their use of the NAUTICA and/or NAUTICAL designations were identical and/or confusingly similar to the Nautica Trademarks, or willfully ignored such fact, and have done so in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of Defendants' lighting fixtures and clocks, and to gain the benefit of the enormous goodwill associated with the Nautica Trademarks.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (TRADEMARK INFRINGEMENT)

25. Nautica repeats and realleges each and every allegation set forth in paragraphs 1 through 24 hereof as if fully set forth herein.

26. The aforementioned acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114.

27. Such conduct on the part of Defendants has injured Nautica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Nautica, for which Nautica has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (FALSE DESIGNATION OF ORIGIN)

28. Nautica repeats and realleges each and every allegation set forth in paragraphs 1 through 27 hereof as if fully set forth herein.

29. The aforementioned acts of Defendants constitute the use of a false designation of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

30. Such conduct on the part of Defendants has injured Nautica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Nautica, for which Nautica has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (FALSE ADVERTISING)

31. Nautica repeats and realleges each and every allegation set forth in paragraphs 1 through 30 hereof as if fully set forth herein.

32. The aforementioned acts of Defendants constitute the use of a false designation of

origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

33. Such conduct on the part of Defendants has injured Nautica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Nautica, for which Nautica has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (TRADEMARK DILUTION)

34. Nautica repeats and realleges each and every allegation set forth in paragraphs 1 through 33 hereof as if fully set forth herein.

35. the aforementioned acts of defendants constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

36. Such conduct on the part of Defendants has injured Nautica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Nautica, for which Nautica has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

37. Nautica repeats and realleges each and every allegation set forth in paragraphs 1 through 36 hereof as if fully set forth herein.

38. The aforementioned acts of defendants constitute trademark infringement and unfair competition in violation of the common law of the state of New Jersey.

39. Such conduct on the part of Defendants has injured Nautica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Nautica, for which Nautica has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (UNFAIR COMPETITION (N.J. STAT. § 56:4-1 to 4-2))

40. Nautica repeats and realleges each and every allegation set forth in paragraphs 1 through 39 hereof as if fully set forth herein.

41. The aforementioned acts of defendants constitute unfair competition in violation of N.J. Stat. § 56:4-1.

42. Such conduct on the part of Defendants has injured Nautica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Nautica, for which Nautica has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Nautica demands judgment as follows:

1. Preliminarily and permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

   a. imitating, copying or making unauthorized use of the Nautica Trademarks;

   b. manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the Nautica Trademarks;

   c. using any unauthorized colorable imitation of the Nautica Trademarks, including, but not limited to NAUTICAL in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or

connect, or tend to relate or connect, such product in any way with Nautica or to any goods sold, sponsored, approved by, or connected with Nautica;

d. using any unauthorized colorable imitation of the Nautica Trademarks, including, but not limited to NAUTICAL, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the Nautica Trademarks;

e. engaging in any other activity constituting unfair competition with Nautica, or constituting an infringement of any of the Nautica Trademarks or of Nautica's rights in, or their right to use or exploit such trademarks, or constituting dilution of the Nautica Trademarks and the reputation and the goodwill associated with those trademarks;

f. making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Nautica, or that is false or misleading with respect to Nautica; and

g. engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Nautica Trademarks or the, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

2. Directing that Defendants deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, wrappers, receptacles and advertisements in its possession,

custody or control bearing resemblance to the Nautica Trademarks (including, but not limited to the term NAUTICAL) and/or any reproductions, copies or colorable imitations thereof.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Nautica or is related to or associated in any way with Nautica's products.

4. Awarding Nautica all damages sustained by Nautica as a result of Defendants' wrongful acts and directing that these damages be trebled, since Defendants' actions were willful.

5. Requiring Defendants to account and pay over to Nautica all profits realized by their wrongful acts and directing that such profits be trebled, since Defendants' actions were willful.

6. Awarding Nautica its costs and reasonable attorneys and investigatory fees and expenses, together with prejudgment interest.

7. Awarding Nautica such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable to a jury.

### CERTIFICATION PURSUANT TO L.CIV.R 11.2

Plaintiff, Nautica Apparel, Inc., by its undersigned attorney, hereby certifies in accordance with the requirements of L.Civ.R. 11.2 that the matters in controversy in the within

litigation are not to the best of its knowledge and belief the subject of any other pending action or arbitration proceeding, nor are any such actions or arbitration proceedings contemplated. Plaintiff further certifies that it presently has no knowledge of the names of other parties who should be but have not been joined in the within action.

Dated:   Raritan, New Jersey   **BAKER AND RANNELLS, PA**
January 17, 2006

By: _____
Stephen L. Baker
Neil B. Friedman

Attorneys for Plaintiff
Nautica Apparel, Inc.
626 North Thompson Street
Raritan, New Jersey 08869
(908) 722-5640